UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:18-cv-126-CHB-RSE

| | |
|---|---|
| HEATHER FARRER, *et al.* ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **JOINT REPORT OF** |
| ) | **SUPPLEMENTAL** |
| ) | **PLANNING CONFERENCE** |
| ) | |
| IKE KLIGERMAN BARKLEY ) | |
| ARCHITECTS P.C. ) | |
| ) | |
| Defendant. ) | |

\* \* \* \* \*

Pursuant to the Order for Meeting and Report, ¶ 4 (Docket No. 14) and following the telephone planning conference on July 20, 2018, plaintiffs, Heather Farrer and Marshall Farrer and David Dick, as Trustee of Jefferson Land Trust (the "Trust") and defendant Ike Kligerman Barkley Architects P.C. ("IKBA") submit this Joint Report of Supplemental Planning Conference to supplement the Joint Report of Planning Conference (Docket No. 12 ) filed by the parties on May 23, 2018 following a conference held pursuant to Rule 26(f) on May 8, 2018.[1]

---

[1] IKBA participated in the telephone conference reserving its objection as discussed below and submits this Joint Report reserving its objection and notwithstanding its position that the parties' disputes are subject to a dispute resolution process, including the requirement of arbitration of this dispute, as set forth in a document which IKBA asserts is the agreement between Mr. and Mrs. Farrer and IKBA which was signed by Ms. Farrer and on behalf of IKBA entitled "AIA Document B101-2007 Standard Form of Agreement Between Owner and Architect" (the "AIA Document"), a copy of which was attached to the Verified Complaint as Exhibit A (*see* Docket No. 1-2). Mr. and Ms. Farrer and the Trust allege that the dispute resolution procedure set forth in the AIA Document is unenforceable as a matter of law because none of IKBA's members or employees who provided services to Mr. and Ms. Farrer was licensed as an architect in Kentucky, *see Board of Education of Ferguson Independent Graded School Dist. v. Elliott,* 276 Ky. 790, 125 S.W.2d 733, 735–36 (Ky. 1939), a position that IKBA disputes on both the facts and law.

1

A.  **Participating Counsel And Date Of Conference:** On July 20, 2018, David Tachau and Kate Lacy Crosby participated in a telephone conference on behalf of Mr. and Ms. Farrer and the Trust and Robert Brooks participated on behalf of IKBA.

B.  **Brief Description Of Facts And Issues:** IKBA provided architectural and design services in connection with the construction and historic restoration of a residence and large pole barn (the "Barn") on property located at 5001 Avish Lane in Louisville, Kentucky which is owned by the Trust whose beneficiaries are Mr. and Ms. Farrer.

Mr. and Ms. Farrer and the Trust seek damages from IKBA based on claims alleging gross negligence, fraud, negligent misrepresentation, unjust enrichment, promissory estoppel, and they seek return of money paid to IKBA arising from what they allege as defective design, supervision and inspection of the construction and historic restoration of the Barn.

IKBA denies the claims by Mr. and Ms. Farrer and the Trust, and has, in turn, filed a Counterclaim alleging breach of contract and quantum meruit against Mr. and Ms. Farrer for what it claims are unpaid fees and expenses. Mr. and Ms. Farrer dispute that they owe money to IKBA.

C.  **Parties' Views And Proposals On Items Set Forth In Rule 26(f)(3) And ¶2 of Docket No. 14:** The parties addressed the items set forth in Rule 26(f)(3) in the Joint Report of Planning Conference (Docket No. 12), which is restated below, along with the additional topics set forth in Docket No. 14, ¶2:

1.  **Scope of Discovery.** Discovery will be taken on all issues relevant to the pending claims and counterclaims.

2.  **Electronically Stored Information (ESI).** Neither party is aware at this time of any loss or destruction of relevant ESI. The parties agree to cooperate and continue discussions regarding the forms in which ESI will be produced, including the nature of TIFF or PDF images and load files. The parties will discuss the issues of ESI Protocol and Protective Order prior to August 15, 2018.

3.  **Attorney-Client Privilege and Work Product Protection.** Pursuant to Federal Rule of Evidence 502(d), the parties request that the Court order that partial disclosure of attorney-client privilege or work product, whether intentional or inadvertent, in connection with this litigation does not waive the attorney-client privilege or work product.

4.  **Discovery Limitations.** The parties do not seek any changes to the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Rules for the Western District of Kentucky at this time.

      **5.**    **Other Orders.**  The parties are working to prepare a proposed Order to submit for the Court's consideration regarding information that may be subject to protection pursuant to Fed. R. Civ. P. 26(c).

      **6.**    **Formulation, Simplification of the Issues and Admissions and Stipulations of Fact.**  From the pleadings and discovery responses, the parties anticipate that they will be able to able to stipulate as to certain facts such as certain relevant dates and the authenticity of certain relevant documents.  The parties anticipate they will be able to provide the Court with detailed Stipulations of Fact as the case progresses further.

      **7.**    **Experts**.  The parties are in agreement that expert witnesses will be necessary in this action.

**D.**    **Initial Disclosures:**  Pursuant to the Joint Report of Planning Conference filed on May 23, 2018 (Docket No. 12), the parties exchanged Rule 26(a)(1) Initial Disclosure on June 1, 2018.

**E.**    **Proposed Discovery Plan:**  The parties have discussed a discovery plan and are in agreement as follows, except where noted below. [2]

      **1.**    **Commencement of Discovery:**  Following the parties' May 8, 2018 conference pursuant to Rule 26(f), *see* Joint Report of Planning Conference field May 23, 2018 (Docket No. 12), Mr. and Ms. Farrer and the Trust served written discovery requests to IKBA on June 25, 2018.  IKBA's responses were due on July 30, 2018.  IKBA has requested an extension to serve its responses until August 29, 2018 and Mr. and Ms. Farrer and the Trust have reluctantly agreed to this extension.

            IKBA takes the position that pursuant to the Order of Judge Boom dated July 2, 2018 (Docket No. 14), fact discovery should not commence before the entry of a discovery plan and scheduling order by the Magistrate Judge following the Case Management Conference scheduled for August 15, 2018.  Mr. and Ms. Farrer and the Trust disagree with this position and believe that discovery has been proper following the May 8, 2018 planning conference held pursuant to Rule 26(f).  *See* Fed. R. Civ. P. 26(d)(1) (regarding timing of discovery).

---

[2]    As noted above, IKBA objects to any discovery being taken in this action until the Court decides the issue of enforceability of the dispute resolution provision of the AIA Document, and, at a minimum, believes that discovery should be bifurcated and, in its initial phase, limited to the issue of enforceability of the AIA Document.  Should the Court nevertheless be inclined to order discovery to proceed immediately and unbifurcated, however, IKBA proposes the dates in this schedule as a more realistic timetable for discovery.

       Further, IKBA anticipates filing its Motion to Enforce Dispute Resolution, including arbitration of this matter, prior to the Rule 16 Case Management Conference, and believes that matter is a threshold issue which should be decided prior to further advancement of this matter in this Court and discovery as to matters other than as directed to the threshold issue of enforceability of the dispute resolution provisions contained in the AIA Document.

   **2.**   **Proposed Deadline For Completion Of Fact Discovery:** Plaintiffs' Position**:** To be served in time to be completed by January 11, 2019; Defendant's Position:  To be served in time to be completed by February 15, 2019.

   **3.**   **Proposed Plaintiffs' Deadline To Make Expert Disclosures Pursuant to Rule 26(a)(2):**  Plaintiffs' Position:  February 1, 2019; Defendant's Position:  March 1, 2019.

   **4.**   **Proposed Defendant's Deadline To Make Expert Disclosures Pursuant to Rule 26(a)(2):**  Plaintiffs' Position:  March 1, 2019.  Defendant's Position:  April 16, 2019

   **5.**   **Proposed Deadline To Supplement Disclosures Pursuant to Rule 26(e):**  Plaintiffs' Position:  March 22, 2019; Defendant's Position: May 1, 2019

   **6.**   **Proposed Deadline For Completion Of Expert Discovery:**  Plaintiffs' Position:  To be served in time to be completed by April 12, 2019; Defendant's Position:  May 31, 2019

**F.**   **Proposed Deadline For Plaintiffs To Amend Pleadings Or Join Parties:** Plaintiffs' Position: October 5, 2018; Defendant's Position:  October 15, 2018

**G.**   **Proposed Deadline For Defendant To Amend Pleadings Or Join Parties:** Plaintiffs' Position:  November 2, 2018; Defendant's Position:  November 15, 2018

**H.**   **Proposed Deadline To File Dispositive Motions:**  Plaintiffs' Position:  May 10, 2019; Defendant's Position:  June 28, 2019

**I.**   **Proposed Deadline For Pretrial Disclosures Pursuant to Rule 26(a)(3):** Plaintiffs' Position:  July 5, 2019; Defendant's Position:  August 15, 2019

**J.**   **Proposed Deadline To File Objections Pursuant to Rule 26(a)(3),** *Daubert* **Motions or Other Motions In Limine:**  Plaintiffs' Position:  July 19, 2019; Defendant's Position:  September 16, 2019

K.  **Parties' Belief As To Whether The Matter Is Suitable For Alternative Dispute Resolution:**  Plaintiffs believe that the matter may be suitable to resolution through a mediation or settlement conference, but additional discovery may be necessary before a mediation or settlement conference is likely to be productive.  As noted above, IKBA believes that this matter is subject to and governed by the dispute resolution provisions described in the AIA Document, requiring that the dispute be submitted to mediation, and if the mediation is unsuccessful, to arbitration, which Mr. and Ms. Farrer and the Trust dispute.

L.  **Parties Estimate As To Probably Length Of Trial:**  Plaintiffs' estimate: 5 days; Defendant's Estimate: 10 days.

M.  **Mutually Convenient Dates With Counsel To Assign Case For Trial:** Plaintiffs' Position:  At this time, counsel for plaintiffs are available for trial in late August or September 2019.  Counsel for IKBA does not believe the matter will be ready for trial before November, 2019.

N.  **Jurisdiction Pursuant to 28 U.S.C. § 636(c):**  The parties wish to reserve a decision concerning consent to the jurisdiction of a Magistrate Judge pursuant to 28 U.S.C. § 636(c) for sixty days.

Jointly Submitted,

| | |
|---|---|
| TACHAU MEEK PLC | BOEHL STOPHER & GRAVES, LLP |
| David Tachau #69525 | Robert M. Brooks #07865 |
| Katherine Lacy Crosby #91970 | |
| | /s/ Robert M. Brooks (by permission) |
| /s/ Katherine Lacy Crosby | 400 West Market Street, Suite 2300 |
| 101 S. Fifth St., Suite 3600 | Louisville, KY 40202 |
| PNC Tower | rbrooks@bsg-law.com |
| Louisville, KY 40202 | *Counsel for Ike Kligerman Barkley* |
| (502) 238-9900 | *Architects P.C.* |
| dtachau@tachaulaw.com | |
| kcrosby@tachaulaw.com | |
| *Counsel for plaintiffs Heather Farrer and* | |
| *Marshall Farrer and David Dick, as Trustee* | |
| *of Jefferson Land Trust* | |

## CERTIFICATE OF SERVICE

  I certify that on August 3, 2018, I electronically filed this Joint Report of Supplemental Planning Conference with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Robert M. Brooks
Boehl Stopher & Graves, LLP
400 West Market Street, Suite 2300
Louisville, KY  40202
rbrooks@bsg-law.com
*Counsel for Ike Kligerman Barkley Architects P.C.*

              /s/ Katherine Lacy Crosby
              *Counsel for Heather Farrer and Marshall Farrer and David Dick, as Trustee of Jefferson Land Trust*